ACCEPTED
15-24-00074-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/20/2025 2:13 PM
CHRISTOPHER A. PRINE
CLERK



**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

**STEPHANIE A. CRISCIONE**
Assistant Attorney General
General Litigation Division

PHONE: 512-936-1675
FAX: (512) 320-0667
EMAIL: Stephanie.Criscione@oag.texas.gov

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/20/2025 2:13:31 PM
CHRISTOPHER A. PRINE
Clerk

February 20, 2025

Christopher A. Prine
Clerk of Court
Fifteenth Court of Appeals
PO Box 12852
Austin, Texas 78711

> RE: No. 15-24-00074-CV: *Jane Nelson in her Official Capacity as Secretary of State for the State of Texas v. Lars Kuslich et al*, on Appeal from the 261st Judicial District Court of Travis County, Texas

To The Honorable Court:

Appellant Jane Nelson in her Official Capacity files this supplemental brief to address the arguments made by Appellee Lars Kuslich in his Second Amended Brief, accepted by the Court on January 28, 2025. First, Appellee Kuslich's revitalized attempts to argue Section 233.002 of the Election Code grants him and his fellow appellees standing without a particularized injury are unavailing. Appellees have not pleaded a particularized injury as to satisfy black letter constitutional standing to proceed. Second, Appellant objects to the three exhibits attached to this second amended brief. These exhibits are not in the court's record and are not properly in front of the Court for its consideration. Appellant respectfully requests the Court reverse the trial court's ruling, grant her plea to the jurisdiction, and dismiss Appellees' claims in their entirety.

> I. Appellee Kuslich still attempts to conflate required constitutional standing with inaccuracies and blatant misstatements of law.

Appellee Kuslich draws improper conclusions from well-settled Texas Supreme Court precedent. No matter the spin, Appellees do not have standing to

bring their claims under the Election Code, and without standing Appellee's claims cannot survive. Appellant's plea to the jurisdiction should have been sustained.

Appellee Kuslich spends the vast majority of the additions to his second amended brief by reciting the history of *Dacus v. Parker*, 466 S.W.3d 820 (Tex. 2015). He contends that the "Fourteenth Court of Appeals implied the contestants did not show or even allege any such injury" and that this was "corroborated by the Texas Supreme Court." Kuslich 2d Amend. Brief at p 28. But the Supreme Court in *Dacus* noted only that standing was undisputed. 466 S.W.3d at 822 n.2. As the Third Court has held, "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Ex parte Ellis*, 279 S.W.3d 1, 29 n.24 (Tex. App.—Austin 2008) (quoting *Cooper Indus. v. Aviall Servs.*, 543 U.S. 157, 170 (2004)), aff'd, 309 S.W.3d 71 (Tex. Crim. App. 2010). And although it was unaddressed by the Court, it is possible the Court saw the injury in *Dacus*—being misled by an improperly worded ballot—as sufficiently particularized for purposes of standing. 466 S.W.3d at 822. That stands in sharp contrast to the alleged injury here, which is only a generalized grievance about voting machines used across the State.

Appellee Kuslich argues that *Dacus* could have addressed standing through its discussion on jurisdiction. *See id.* at 823. This is simply not the case. The *Dacus* court merely articulated why it was involving itself in an election contest when, by statute, the courts of appeals normally have final jurisdiction over election contests. *Id.*

Next, Appellee Kuslich cites *Finance Commission of Texas v Norwood*, 418 S.W.3d 566 (Tex. 2013) to argue for his view of statutory standing. But the plaintiffs in *Norwood* asserted a particularized injury—the law's impact on their interest in obtaining home equity loans. *Id.* at 582. Far from opening up constitutional standing to assertions of general grievances, the *Norwood* court cited *Andrade v. NAACP of Austin* and noted "[t]he line between a generalized grievance and a particularized harm is difficult to draw, and *it varies with the claims made"* and that standing "depends on the context in which the claim is asserted." *Id*. at 580. Appellees, unlike the plaintiffs in *Norwood*, seek redress for a hypothetical, indescribable injury, which is impermissible under law.

Appellee Kuslich also cites *In re Morris* for the proposition that "personalized injuries are not required to initiate or sustain election contests." Kuslich 2d. Amend. Brief at pp. 34-35. However, the Texas Supreme Court did not even reach the issue

of standing to challenge election results as the appellants in *In re Morris* were seeking to have an election enjoined *before it even occurred. In re Morris,* 663 S.W.3d 589, 591 (Tex. 2023) (emphasis added). The *Morris* court observed that the appellants wanted the court to "deprive the Justice Policy signatories of their choice of election based on a claimed procedural violation" and that the appellants "ascribe no particularized injury to themselves." Rather than supporting Appellee Kuslich's point, *In re Morris* reaffirms the general rule that signatories to ballot measures typically have constitutional standing, while other members of the public bringing generalized grievances typically do not. *Id.* at 596, 598 at n.45.

Appellees cannot establish standing to pursue their case. Without standing, among the other deficiencies noted in Appellant's brief and original reply, their claims fall apart. Appellant re-urges its arguments made in its brief and original reply and respectfully request the Court reverse the trial court's denial of the plea to the jurisdiction and dismiss Appellee Kuslich and his fellow appellee's claims in their entirety.

II.     Objection to Exhibits Attached to Kuslich's Second Amended Brief

As part of his second amended brief, Appellee Kuslich attaches three exhibits related to the appellate history of *Dacus*. These exhibits were not part of the record for the Court's consideration, and Appellant objects to the inclusion of these three exhibits. *See Scott v. Weems,* 575 S.W.3d 357 at n. 41 (Tex. 2019) (acknowledging that documents that have not been filed nor introduced at the trial court level cannot be considered as part of the appellate record). Appellant moves to strike these exhibits from Appellee Kuslich's brief.

Appellant thereby respectfully re-urges the arguments made in full in its brief and reply and requests the court reverse the denial of the plea to the jurisdiction and dismiss Appellee Kuslich and his fellow appellees' claims in their entirety.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

*/s/ Stephanie A. Criscione /s/*
Stephanie A. Criscione
State Bar No. 24109768
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
StephanieA.Criscione@oag.texas.gov
COUNSEL FOR APPELLANTS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Hendrix on behalf of Stephanie Criscione
Bar No. 24109768
Laura.Hendrix@oag.texas.gov
Envelope ID: 97607829
Filing Code Description: Other Brief
Filing Description: 20250220 Ltr to 15 COA RE Supplemental Reply FINAL
Status as of 2/20/2025 2:26 PM CST

Associated Case Party: Shannon Huggins

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shannon Huggins | | freetx1876@gmail.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Jane Nelson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Wassdorf | | will.wassdorf@oag.texas.gov | 2/20/2025 2:13:31 PM | SENT |
| Stephanie Criscione | | stephanie.criscione@oag.texas.gov | 2/20/2025 2:13:31 PM | SENT |
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Michelle Pique

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michelle Pique | | piquepink@gmail.com | 2/20/2025 2:13:31 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elena Eydelman-Natividad | | elena.eydelman-natividad@oag.texas.gov | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Sharon Jorolan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sharon Jorolan | | sjorolan@outlook.com | 2/20/2025 2:13:31 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Hendrix on behalf of Stephanie Criscione
Bar No. 24109768
Laura.Hendrix@oag.texas.gov
Envelope ID: 97607829
Filing Code Description: Other Brief
Filing Description: 20250220 Ltr to 15 COA RE Supplemental Reply FINAL
Status as of 2/20/2025 2:26 PM CST

Associated Case Party: Jarrett Woodward

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jarrett Woodward | | digging4au@protonmail.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Heather Couchman

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Heather Couchman | | HeatherNTX@protonmail.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Tommie Dickinson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tommie Dickinson | | Tjdickinson316@gmail.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Travis Eubanks

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Travis Eubanks | | travis.eubanks@gmail.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Madelon Highsmith

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Madelon Highsmith | | mhighsmith@mac.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Lars Kuslich

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Hendrix on behalf of Stephanie Criscione
Bar No. 24109768
Laura.Hendrix@oag.texas.gov
Envelope ID: 97607829
Filing Code Description: Other Brief
Filing Description: 20250220 Ltr to 15 COA RE Supplemental Reply FINAL
Status as of 2/20/2025 2:26 PM CST

Associated Case Party: Lars Kuslich

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lars Kuslich | | blanket113@protonmail.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Amber Cloy

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amber Cloy | | Amberb2222@yahoo.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Traci Jones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Traci Jones | | jones_traci24@hotmail.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Sharon Cotton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sharon Cotton | | sharon.cotton53@icloud.com | 2/20/2025 2:13:31 PM | SENT |

Associated Case Party: Amanda Eubanks

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amanda Eubanks | | amanda.eubanks710@gmail.com | 2/20/2025 2:13:31 PM | SENT |